UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 12-50843 |
| | ) | Honorable Kathy A. Surratt-States |
| THOMAS FREDERICK HELMKAMPF, | ) | Chapter 11 Proceeding |
| | ) | |
| Debtor. | ) | **Amended Sale Motion** |
| | ) | |
| | ) | Hearing Date: April 8, 2013 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Hearing Location: Courtroom 7 North |
| | ) | Response Date: April 8, 2013 |
| | ) | |
| | ) | David M. Dare, Esq. |
| | ) | Herren, Dare & Streett |
| | ) | 1051 N. Harrison Ave. |
| | ) | St. Louis, Missouri 63122 |
| | ) | (314) 965-3373 |
| | ) | ddare@hdsstl.com |

**FIRST AMENDED MOTION FOR ORDER (A) APPROVING MEMBERSHIP INTEREST PURCHASE AGREEMENT AMONG THE DEBTOR, THOMAS F. HELMKAMPF AS TRUSTEE OF THE THOMAS F. HELMKAMPF TRUST, DATED MARCH 2, 1999, THOMAS F. HELMKAMPF AND MARGARET G. HELMKAMPF, TRUSTEES OF THE THOMAS F. HELMKAMPF AND MARGARET G. HELMKAMPF JOINT REVOCABLE TRUST, DATED MAY 11, 2012, AND HAROLD F. HELMKAMPF; AND (B) AUTHORIZING THE SALE OF THE DEBTOR'S MEMBERSHIP INTERESTS IN TJC PARTNERS, LLC FREE AND <u>CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS</u>**

COMES NOW Thomas Frederick Helmkampf, the debtor and debtor-in-possession herein (the "<u>Debtor</u>"), by and through undersigned counsel, and submits his *First Amended Motion For Order (A) Approving Membership Interest Purchase Agreement Among the Debtor, Thomas F. Helmkampf as Trustee of the Thomas F. Helmkampf Trust, Dated March 2, 1999 (the "<u>1999 Trust</u>"), Thomas F. Helmkampf and Margaret G. Helmkampf, Trustees of the Thomas F. Helmkampf and Margaret G. Helmkampf Joint Revocable Trust, Dated May 11, 2012 (the "<u>2012 Trust</u>" and, collectively with the Debtor and the 1999 Trust, the "<u>Seller</u>"), and Harold F.*

SLC-6811759-1

*Helmkampf (the "Purchaser"); and (B) Authorizing the Sale of the Debtor's Membership Interests in TJC PARTNERS, LLC ("TJC") Free and Clear of All Liens, Claims, Encumbrances, and Interests* (the "Motion"). In support thereof, Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. § 363. This is a core proceeding under 11 U.S.C. § 157(b)(2)(A), (N), and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On November 9, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court"). Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business as a debtor in possession. No trustee or examiner has been appointed and no official committee of creditors has been established in this Chapter 11 case.

3. The Seller owns 33 and 1/3% of the membership interests in TJC, with the Debtor's two siblings, John Helmkampf and Caroline Hogg ( the "Remaining Members" and collectively with the Debtor the "Members") each owning an additional 33 and 1/3% share of TJC. TJC was set up to be an entity to hold assets of the Helmkampf Family. TJC owns the following assets: 1. A 33% share in Dorsett-Delord, LLC which owns and operates an office/warehouse building in St. Louis, Missouri; 2. A 33% share in Clayshire, LLC which owns and operates an office building in St. Louis, Missouri which is leased to a variety of tenants; 3. A 50% share in Meadows, LLC which owns and operates two office/warehouse buildings and owns a vacant lot in St. Louis, Missouri; 4. A 77.85% interest in real property at 1555 Larkin Williams

Road in St. Louis, Missouri that is leased to a manufacturing facility; 5. A 100% interest in real property used as an office/warehouse at 1533 Larkin Williams Road in St. Louis, Missouri; 6. A 100% interest in a Florida Boathouse; and 7. The death benefit from a life insurance policy on the Debtor's parents Harold F. Helmkampf and Sonya W. Helmkampf. The Purchaser is the Debtor's Father.

4.      The Debtor believes that the sale of its 33 and 1/3% membership interest in TJC (the "Interest"), pursuant to section 363 of the Bankruptcy Code to Purchaser is in the best interests of the Debtor, its creditors, and other parties-in-interest.

5.      The Debtor has entered into a Membership Interest Purchase Agreement (the "Purchase Agreement") with Purchaser for the purchase of all of the Interest. A copy of the Purchase Agreement may be obtained from counsel for the Debtor upon request. The parties may modify the terms of the Purchase Agreement prior to the Sale Hearing.

## RELIEF REQUESTED

6.      By this Motion, the Debtor seeks entry of an order (the "Sale Order"), following a final hearing (the "Sale Hearing") to be scheduled by the Court, (a) approving the Purchase Agreement (substantially in the form attached hereto as Exhibit A) between Seller and Purchaser, and (b) authorizing the Debtor to sell the Interest to Purchaser pursuant to the Purchase Agreement free and clear of all liens, claims and encumbrances.

## THE PROPOSED SALE

7.      Purchaser proposes to purchase the Interest (as more fully and completely described in the Purchase Agreement) (the "Proposed Sale") for an aggregate purchase price in the amount of $30,000.00 (the "Purchase Price").

8. The proposed sale has been negotiated at arms-length and constitutes a good faith offer to purchase in accordance with section 363(m) of the Bankruptcy Code.

9. Pursuant to Section 7.2 of the operating agreement of TJC, the Remaining Members have a right of first refusal to purchase any shares sold by the Debtor. Pursuant to Section 8.1 of the operating agreement of TJC, the Debtor's bankruptcy filing is a dissociating event resulting in potential loss of the Interest by the Debtor. Control of decisions regarding TJC is vested in 51% of the members.

10. TJC owns seven assets, including two office buildings and a share in three limited liability companies which comprise its most important holdings. The other two assets include a Florida boathouse of minimal value and a beneficial interest in certain term life insurance policies with no cash value. If the two properties owned by TJC and the three properties owned by the limited liability companies in which TJC has an interest were sold at fair market value it is conceivable that the Debtor's interest in TJC could be as much as a million dollars.

11. Accordingly, with respect to the Interest, any prospective purchaser would have to significantly discount the purchase price it would be willing to pay for the Interest to reflect that such purchaser, while purchasing a 33.3% minority interest, would have no say in management of the LLC and no control over the LLC. Any other offer to purchase the Interest would be subject to the right of first refusal of the Remaining Members. In addition, it is very unlikely that anyone other than the Purchaser would feel comfortable purchasing a minority interest in an entity where the majority interest was held by members of the same family. Moreover, each of TJC's underlying assets has significant secured obligations to Aetna Life Insurance and Commerce Bank, respectively with questionable equity for its members. Debtor has entered into a guaranty of millions of dollars of the debt owed to Aetna Life Insurance and Commerce Bank.

TJC's note to Commerce Bank has matured, and as a condition of the renewal Purchaser has agreed to personally guarantee obligations to the bank in the amount of $6.4 million dollars. Any third party transferee would have to enter into comparable guarantees, acceptable to the banks in their sole discretion, to cure any defaults under the loans to the LLCs. Based on the foregoing, the Debtor believes that the lack of true membership status conferred on any transferee coupled with the multi-million dollar guarantee obligations any transferee would have to enter into, render the Interest essentially worthless to any third party transferee other than the Purchaser.

12. The Purchase Agreement represents the highest and best offer for the Acquired Asset and, given the forgoing circumstances, the Debtor's decision to consummate this transaction as a private sale is justified.

## SALE OF ASSETS PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE

13. Debtor requests that the Court authorize the sale of the Interest pursuant to Section 363 of the Bankruptcy Code free and clear of all liens, claims, and encumbrances, with such liens, claims, and encumbrances to attach to the sale proceeds.

14. Section 363(b) of the Bankruptcy Code authorizes the sale of property of the estate other than in the ordinary course of business after notice and a hearing. A sale of assets outside the ordinary course of business is a matter within the Court's discretion. Courts generally permit a debtor to sell property of the estate outside of the ordinary course where the proposed sale is a sound exercise of the debtor's business judgment and when such sale is for fair and reasonable consideration and is in good faith. See In re Lionel Corp., 722 F.2d 1063, 1070 (2d Cir. 1983); In re Channel One Commc'n, Inc., 117 B.R. 493, 496 (Bankr. E.D. Mo. 1990); In re Apex Oil Co., 92 B.R. 847, 866 (Bankr. E.D. Mo. 1988).

15. The Debtor has determined that, in its business judgment, the sale of the Interest to Purchaser in accordance with the Purchase Agreement is in the best interests of the Debtor's Chapter 11 estate, its creditors and all parties in interest. The Debtor has determined in its business judgment that the Proposed Sale is necessary because it provides the greatest amount of proceeds with which to fund distributions to Debtor's creditors and because the terms of the Operating Agreement governing TJC renders it exceedingly unlikely that any other third party would be willing to pay more than Purchaser for the Interests.

16. The Proposed Sale of the Acquired Assets is also for fair and reasonable consideration, is in good faith, does not unfairly benefit any insiders or creditors of the Debtor, and will maximize the value of the Debtor's estate. The parties exchanged three offers before settling on the $30,000.00 purchase price.

17. The Purchase Agreement was negotiated at arms length and benefits the bankruptcy estate by offering the possibility of greater distributions to Debtor's creditors.

## SALE FREE AND CLEAR OF ALL LIENS

18. Section 363(f) of the Bankruptcy Code authorizes a debtor to use, sell, or lease property of the estate outside of the ordinary course of business free and clear of any interest in such property. Under the Proposed Sale, the Interest is to be sold free and clear of all liens, claims, and encumbrances with any such liens, claims, and encumbrances to attach to the net sale proceeds with the same validity, priority, force, and effect that such liens, claims, and encumbrances had on such assets prior to the closing of the Proposed Sale.

19. The Debtor is not aware of any parties that assert a lien or security interest in the Interest.

## NOTICE

20. Notice of this Motion and the Proposed Sale has been provided to all parties-in-interest, including (i) all creditors, (ii) those parties requesting notice in this case, (iii) any entities or persons known to the Debtor as having expressed a bona fide interest in the purchase of the Acquired Assets, and (iv) any other interested parties known to the Debtor.

## CONCLUSION

WHEREFORE, the Debtor hereby respectfully requests entry of a Sale Order, following the Sale Hearing, (a) approving the Purchase Agreement; (b) authorizing the Debtor to sell the Interests to Purchaser pursuant to the Purchase Agreement free and clear of all liens, claims and encumbrances; (c) authorizing the Debtor to take each of those steps outlined in the Purchase Agreement to close the sale; and (d) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

HERREN, DARE & STREETT

By: /s/ David M. Dare
DAVID DARE (#35965 MO)
1051 N. Harrison Ave.
St. Louis, Missouri 63122
(314) 965-3373
(314) 965-2225 fax
ddare@hdsstl.com

ATTORNEYS FOR DEBTOR
THOMAS FREDERICK HELMKAMPF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served upon all interested parties and parties requesting notice by electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri this 5th day of April, 2013.

/s/ David M. Dare